IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSE GARZA,**

                **Plaintiff,**

      **v.**                             **CASE NO. 09-3112-SAC**

**LCMHF,**
**et al.,**

                **Defendants.**

## O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the Larned Correctional Mental Health Facility (LCMHF). Plaintiff names as defendants the LCMHF, "Mental Health Staff", "Mail Room", "Warden", Paul Runnels, and Mrs. Taylor.

**FILING FEE**

Plaintiff has not paid the filing fee for this case of $350.00. Nor has he submitted a motion for leave to proceed without prepayment of fees. He was informed of this defect by the clerk of the court, but has not taken any action to satisfy the filing fee prerequisite. This action may not proceed further until he has either paid the filing fee in full or submitted a motion that meets the requirements of 28 U.S.C. § 1915.

If plaintiff submits a motion for leave to proceed without prepayment of fees[1], it must be upon forms provided by the court and

---

[1] Being granted leave to proceed in forma pauperis will not relieve plaintiff of the obligation to pay the full filing fee in this civil action of $350.00. 28 U.S.C. § 1915(b)(1). It simply entitles him to pay the filing fee over time through payments from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2). He thus may be required to pay an initial partial fee, and then the Finance Office of the facility where plaintiff is confined may be directed to collect twenty percent (20%) of the prior month's income each time the

he must attach a "certified copy of (his) trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  The clerk will be directed to provide forms for such a motion, and Mr. Garza will be given time to either submit a proper motion or pay the filing fee in full.

**FACTUAL BACKGROUND**

As the factual background for this lawsuit, plaintiff alleges a refusal to "investigate matters further about problems here and at Lansing."  He also wants "to know why is everybody avoiding (him) and refusing to talk to (him) about "any of his situations that is bothering" him "as in the sexual assault from Lansing prison and (his) legal mail situation".  Plaintiff does not specify that constitutional rights have been violated.  He seeks relief of twenty million dollars.

**SCREENING**

Because Mr. Garza is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

---

amount in his account exceeds ten dollars ($10.00) until the remainder of the filing fee has been paid in full.

**IMPROPER DEFENDANTS**

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). Defendants LCMHF and "mail room" are clearly subject to being dismissed for the reason that neither the "mail room" nor the prison facility is a "person" subject to suit under Section 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64, 66, 71 (1989)(A state or state agency is not a "person" that Congress made amenable to suit in § 1983.); Davis v. Bruce, 215 F.R.D. 612, 618 (D.Kan. 2003), aff'd in relevant part, 129 Fed.Appx. 406, 408 (10th Cir. 2005). Moreover, plaintiff has not named the individual person who was "Warden" or any person on the "Mental Health Staff" and may not recover damages from "Warden" and "staff." In addition, he must describe how each and every individual person who is named as a defendant personally participated in all alleged constitutional violations upon which his complaint is based.

The only "persons" actually named as defendants in the caption and at the start of the complaint are Paul Runnels and Mrs. Taylor. Plaintiff mentions other persons in his complaint and attachments, but clearly may not recover money damages from Runnels or Taylor for actions taken by some other person. Thus, the court considers only plaintiff's allegations involving defendants Runnels and Taylor.

**FAILURE TO STATE SUFFICIENT FACTS TO SUPPORT**

3

**A FEDERAL CONSTITUTIONAL VIOLATION**

Plaintiff's statements in his complaint are vague and conclusory. He has attached many hand-written pages to his complaint, but provides no explanation in them or the complaint as to their significance. Most of plaintiff's attachments are written by him, addressed to "whom it may concern", and are not dated or signed. The court has attempted to consider the attachments as part of the complaint.

It appears from the complaint and attachments that Mr. Garza's two main complaints are alleged interference with his legal mail and failure to assist him with other problems[2]. A pro se complaint must be given a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Plaintiff does not describe in the complaint any acts by defendant Runnels that might be considered constitutional violations. In attachments, Garza states that on April 24, 2009, he gave Runnels a letter addressed to the Governor to be sent certified mail telling about his having been assaulted at Lansing. He alleges Runnels gave it to the "mail room," but the "mail room" sent it regular mail and admitted they overlooked the request for certified mail. He also states that Runnels heard him tell the state court on the phone that he is not receiving mail, yet when he explained his

---

[2] Plaintiff's claims regarding legal mail appear to be totally unrelated to his claims regarding other problems. If these two claims are not related and the acts underlying both were not committed by the same defendants, the claims may not be properly joined in a single action.

4

mail problems to Runnels, Runnels said he was crazy and advised him to send his mail certified or just have problems. He also alleges that Runnels would not let him make a phone call to the court to ask the name and address of his attorney, but told him to write a letter[3]. He also makes the conclusory allegation that Runnels "refuses to try to fix the problems (he's) having with certain legal mail." However, he exhibits a grievance he filed regarding his legal mail dated January, 2009, which Runnels responded to as follows:

> Mr. Garza, you have been shown and given proof as to receiving your legal mail. The mailroom attendant has stated that she can only give you what she is in receipt of. Please be patient and wait for the arrival of any expecting (sic) mail. I see no evidence of wrongdoing.

Even accepting all the allegations regarding Runnels as true, no federal constitutional violation is stated.

Plaintiff similarly fails to allege sufficient facts indicating defendant Taylor violated his constitutional rights. He mentions Mrs. Taylor's name in the complaint in connection with the conclusory allegation that mental health staff are refusing to investigate problems at LCMHF and Lansing. He also alleges that Mrs. Taylor said he is complaining too much and "making everything into a drama." In his attachments, he states that Mrs. Taylor became upset when he told her he was having problems with certain drugs. He also states she told him he could "only be offered one phone call from here," and advised him to write CCS about his

---

[3] Plaintiff should contact the state court either by mail or telephone, if permitted, and make sure he has the correct name of his attorney. It appears from state records that a person named Angel Garza has the attorney mentioned by plaintiff.

medical problems, but he refused due to his alleged mail problems[4]. He states she gave him a pamphlet about family sexual abuse and was "really interested" in his responses, but after he told her about the sexual assault at Lansing, she advised him to inform "I & I" and no longer wants to hear about it. None of these allegations shows any unconstitutional conduct by defendant Taylor.

Plaintiff also fails to allege sufficient facts to indicate that his legal mail has been interfered with and that any such interference was by either person named as a defendant. In support of this claim, plaintiff generally alleges he is receiving some legal mail including all sent from this federal court, and has not received some mail from the Shawnee County District Court. He also complains that attorneys he has written requesting representation have not responded. He alleges everyone else at LCMHF is receiving all their mail.

Mr. Garza does not prove interference with his mail simply by generally stating he wrote to a state court or attorneys seeking representation and has not received responses, or that his inquiries were answered with the general statement that responses had been sent. In one of his attached statements, plaintiff gives the date of a piece of mail Shawnee County allegedly sent to him on October 8, 2008, which he claims he never received. He does not describe the contents of this mail or how his lawsuit in state court was adversely affected. While he repeatedly states he has proof of the

---

[4] Plaintiff may not refuse to follow the directions of prison staff and then complain of the outcome.

mishandling of his mail, he acknowledges he has not kept copies[5]. The exhibited responses to his administrative grievances regarding his mail indicate prison officials have provided him with numerous responses and his mail logs when requested, despite his failure to specify any particular piece of mail as missing. Plaintiff simply persists in his belief that he should have received more responses.

The court finds that plaintiff has not alleged sufficient facts to support a federal constitutional claim of interference with legal mail. He must describe each piece of legal mail that he claims was mishandled, and state the facts upon which he bases his claim that it was mailed by or to him but not received. He must also provide the date each missing piece of mail was sent, name the person or persons directly involved in the alleged mishandling, and explain how any pending lawsuit filed by him has been adversely impacted.

Finally, the court notes that plaintiff does not allege any actual injury has resulted from the few acts of either named defendant described in his complaint and/or attachments, and yet the only relief he seeks is millions of dollars in damages. If he is claiming that his access to the courts has been impeded, he has not alleged facts to show an essential element of that claim. To state such a claim, he must allege facts demonstrating that his efforts to pursue a legal claim have been impeded. Lewis v. Casey, 518 U.S. 343, 348, 350 (1996). He may do so by alleging actual prejudice to contemplated or existing litigation, such as the inability to meet

---

[5] In his attached "Incoming Legal Mail Report" Garza marked a few logged items as "never got." However, he does not provide a letter from the sender confirming they sent a particular piece of mail he never received or from someone he sent mail to confirming they did not receive a particular piece he sent. He also does not explain what any of the marked mailings were, or how his lawsuit has been adversely impacted.

a filing deadline or to present a claim, or that a nonfrivolous legal claim has been dismissed, frustrated or impeded. Id. at 350, 353.

With regard to plaintiff's claim that no-one will help him with his problems, the court likewise finds his allegations in support are conclusory statements, rather than actual facts. He very generally alleges he is having difficulty coping with the assault. He generally complains that no one is coming to listen to all his problems anymore, and he has been told to talk to his Unit Team. His being required to initially address his problems with his Unit Team does not amount to a constitutional violation. In order to recover money damages for a failure to treat a psychological problem, plaintiff must clearly describe the problem and symptoms for which he has sought professional assistance, the dates on which he sought help, what condition was diagnosed or what treatment was prescribed, and what person or persons refused or failed to provide treatment.

Plaintiff is required to show cause why this action should not be dismissed for the reasons stated herein. He may attempt to cure the deficiencies in his complaint by filing an "Amended Complaint", which must have this case number written at the top of the first page and be on forms provided by the court[6]. If plaintiff fails to comply with this Order in the time provided, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30)

---

[6]  An Amended Complaint would completely replace the original complaint filed herein, and the original complaint would no longer be considered by the court. It follows that plaintiff would need to include all claims and allegations he intends to present in this case in any Amended Complaint.

8

days from the date of this Order in which to pay the filing fee of $350.00 or file a properly supported motion for leave to proceed without prepayment of fees.

**IT IS FURTHER ORDERED** that within the same thirty (30) days, plaintiff must cure the deficiencies in his complaint discussed herein or show cause why this action should not be dismissed for the reasons stated herein.

The clerk is directed to send plaintiff forms for filing a motion to proceed without prepayment of fees and for filing an Amended civil rights complaint.

**IT IS SO ORDERED.**

Dated this 19th day of June, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge